UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTE AARON ARNOLD,

    Petitioner,

v.                         CASE NO. 2:17-cv-11353
                          HONORABLE GEORGE CARAM STEEH

THOMAS MACKIE,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO STAY AND TO AMEND OR TO SUPPLEMENT THE PETITION FOR WRIT OF HABEAS CORPUS [8]

### I. Introduction

Following a bench trial in Wayne County Circuit Court, petitioner Monte Aaron Arnold was convicted of assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, third-degree fleeing and eluding, Mich. Comp. Laws § 750.602a(3)(a), resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1), and uttering and publishing forged documents, Mich. Comp. Laws § 750.249. On May 9, 2014, the state trial court sentenced petitioner as a fourth habitual offender to prison for nine to twenty years for the assault conviction, four and a half to ten years for the third-degree fleeing-and-eluding conviction, three and a half to ten years for

- 1 -

the resisting-and-obstructing conviction, and four to fourteen years for the uttering-and-publishing conviction. Petitioner challenged the sufficiency and weight of the evidence on the assault charge in an appeal of right. The Michigan Court of Appeals affirmed petitioner's convictions, see People v. Arnold, No. 322146 (Mich. Ct. App. Sept. 22, 2015), and on May 2, 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Arnold, 499 Mich. 916; 877 N.W.2d 727 (2016).

    Petitioner commenced this action through counsel on April 27, 2017. He argues that his detention is unlawful because the state courts' denial of his claims regarding the sufficiency and great weight of the evidence was contrary to clearly established federal law. On November 1, 2017, the State filed an answer to the petition in which he urges the Court to deny the habeas petition on the basis that the state courts reasonably rejected petitioner's claims and that petitioner's second claim is not cognizable on federal habeas review.

    This matter is presently before the Court on petitioner's motion for a stay of this case for sixty days and for permission to amend or to supplement his petition with additional claims regarding his trial and appellate attorneys. The State has not filed an answer to petitioner's

motion, but it asserts in its answer to the petition that it opposes any requests for relief. See Answer in Opp'n to Pet. for Writ of Habeas Corpus, p. 28, ECF No. 5, PageID. 219.

## II.  Discussion

Federal district courts ordinarily have authority to issue stays, Rhines v. Weber, 544 U.S. 269, 276 (2005), and to allow a party to supplement his pleading, see Fed. R. Civ. P. 15(d).  Nevertheless, the doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition.  See 28 U.S.C. § 2254(b)(1), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Petitioner did not raise any claims about his trial and appellate counsel in his appeal of right.  Furthermore, he has not alleged that he intends to pursue state collateral remedies for his unexhausted claims about counsel, and a review of his state-court dockets reveals that there are no post-conviction matters pending in the state trial court or in Michigan's appellate courts.  See People v. Arnold, Wayne County Circuit Court Nos.13-003991-01-FH and 13-004023-01-FC at https://cmspublic.3rdcc.org; see also People v. Arnold, Michigan Court of Appeals No. 322146 and Michigan Supreme Court No.152677, at

http://courts.mi.gov/opinions_orders/Pages/CaseInquiry.aspx.

Accordingly, the Court denies petitioner's motion for a stay and for permission to amend or to supplement his habeas petition (ECF No. 8).

Dated: August 15, 2018

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 15, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk

---