UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTE AARON ARNOLD,

    Petitioner,                    Case No. 17-cv-11353

v.

                                   Honorable George Caram Steeh

THOMAS MACKIE,

    Respondent.
_____/

## **ORDER DENYING PETITIONER'S MOTION FOR RELEASE [10]**

### I. Introduction

State prisoner Monte Aaron Arnold has filed a habeas corpus petition which challenges his state convictions for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, third-degree fleeing and eluding, Mich. Comp. Laws § 750.602a(3)(a), resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1), and uttering and publishing forged documents, Mich. Comp. Laws § 750.249. The trial court sentenced Petitioner as a fourth habitual offender to prison for 9 to 20 years on the assault conviction, 4-1/2 to 10 years for the fleeing-and-eluding conviction, 3-1/2 to 10 years for the resisting-and-obstruction conviction, and 4 to 14 years for the uttering-and-publishing conviction. The Michigan Court of Appeals affirmed Petitioner's convictions, see

People v. Arnold, No. 322146, 2015 WL 5570273 (Mich. Ct. App. Sept. 22, 2015) (unpublished), and on May 2, 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Arnold, 499 Mich. 916; 877 N.W.2d 727 (2016).

Petitioner filed his habeas corpus petition through counsel on April 27, 2017. He raises two claims regarding the sufficiency and weight of the evidence supporting his assault conviction. He also contends that he is entitled to an evidentiary hearing. The State argues in an answer to the petition that the state courts reasonably rejected petitioner's first claim, that petitioner's second claim is not cognizable on habeas review and was reasonably decided by the state court, and that petitioner is not entitled to an evidentiary hearing.

## II. Discussion

Now before the Court is petitioner's motion for release from custody pending a decision on his habeas claims. Petitioner contends that he is a non-violent offender with great community and familial support. He alleges that he will have financial support from his family upon his release and that he will seek gainful employment.

Petitioner also asserts that he is not likely to flee or to pose a danger to anyone if he were allowed to reside in the community pending the

outcome of his petition. He apparently was released on his own recognizance during state-court proceedings, and he alleges that he fully complied with the state court's directives concerning bail. Petitioner maintains that he has raised substantial questions of law in his petition, and he has submitted several letters from family members and pastors, who seek his release so that he can return to his family, his church, and society. The State did not file an answer to petitioner's motion, but it urges the Court to deny all requests for relief. See Answer in Opp'n to Pet. for Writ of Habeas Corpus at 28, 32 (ECF No. 5, pp. 31, 35, PageID. 219, 223).

In Aronson v. May, 85 S. Ct. 3 (1964), the Supreme Court addressed a petitioner's request for release on bail pending a decision on his appeal from the denial of a petition for the writ of habeas corpus. In denying the petitioner's request, Justice Douglas wrote:

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.

Id. at 5 (internal citation omitted).

Even if the Court were to assume that petitioner's sufficiency-of-the-evidence claim raises a substantial question of law, "two layers of deference apply [to a sufficiency-of-the-evidence claim], one to the jury verdict, and one to the state appellate court"). Tanner v. Yukins, 867 F.3d 661, 672 (6th Cir. 2017), cert. denied, 138 S. Ct. 1283 (2018).  Additionally, the Court is not persuaded that petitioner's case is exceptional and deserving of special treatment.  Although he obviously has the support of family and some church members, he is a fourth habitual offender, and he has not alleged anything about his progress in prison.  Further, records maintained by the Michigan Department of Corrections indicate that petitioner will not be eligible for release on parole until November 21, 2022.[1]

Petitioner has not satisfied the requirements for release set forth in Aronson.  Accordingly, his motion for release from custody pending resolution of his habeas petition is denied.

IT IS SO ORDERED.

Dated:  June 10, 2019

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

[1] See http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=298890.


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 10, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk