UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTE AARON ARNOLD,

    Petitioner,

                                 Case No. 17-cv-11353

v.

                                 Honorable George Caram Steeh

THOMAS MACKIE,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

    Monte Aaron Arnold ("Petitioner"), through his attorney Raymond R. Burkett, has filed a habeas corpus petition challenging his state convictions for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, third-degree fleeing and eluding, Mich. Comp. Laws § 750.602a(3)(a), resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1), and uttering and publishing forged documents, Mich. Comp. Laws § 750.249. The trial court sentenced Petitioner as a fourth habitual offender to prison for 9 to 20 years on the assault conviction, 4 1/2 to 10 years for the fleeing-and-eluding conviction, 3 1/2 to 10 years for the

resisting-and-obstruction conviction, and 4 to 14 years for the uttering-and-publishing conviction.

Petitioner filed his habeas corpus petition through counsel on April 27, 2017. He raises two claims regarding the sufficiency of the evidence and the great weight of the evidence supporting his assault conviction. He also contends that he is entitled to an evidentiary hearing. The State argues in an answer to the petition that the state courts reasonably rejected Petitioner's first claim, that Petitioner's second claim is not cognizable on habeas review and was reasonably decided by the state court, and that Petitioner is not entitled to an evidentiary hearing. For the reasons stated below, the petition for a writ of habeas corpus is DENIED.

## I. BACKGROUND

Petitioner was convicted following a bench trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g. Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises from an incident in which defendant rapidly accelerated his car toward Novi Police Detective Jeremy Stempien as defendant attempted to escape after being caught during a "buy and bust" sting operation associated with a task-force effort to crack down on car parts purchasing scams against

auto dealerships. Detective Stempien, who was part of a group of officers that attempted to apprehend defendant, testified that defendant jumped into his automobile and attempted to drive away from the officers as they moved in to make an arrest. Detective Stempien, with weapon drawn, shouted commands for defendant to stop driving, but defendant persisted in a path that carried him over a curb, directly at Detective Stempien. Detective Stempien fired his gun at defendant because he believed that defendant was "trying to run [him] over" and "trying to kill [him]." Detective Stempien testified that he ultimately jumped out of the way in order to avoid being struck by defendant.

*People v. Arnold*, No. 322146, 2015 WL 5570273, at *1 (Mich. Ct. App. Sept. 22, 2015).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 499 Mich. 916; 877 N.W.2d 727 (2016).

In his petition, Petitioner seeks habeas relief on the following grounds:

I. The decision of the Michigan judiciary denying the Petitioner relief upon his claim of insufficiency of the evidence was contrary to clearly established federal law, as the Petitioner's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution was violated when the State failed to prove that the Petitioner acted with the requisite intent to commit the crime.

II. The decision of the Michigan judiciary denying the Petitioner relief in regards to the Petitioner's Claim that the conviction of assault with intent to do great bodily harm was against the great weight of the evidence was contrary to clearly established federal law, because the trial court relied on false testimony that was unsupported by the evidence and designed to protect Detective Stempien from

- 3 -

prosecution for the alleged use of excessive force against Mr. Arnold.

III. Petitioner is entitled to an evidentiary hearing on these matters.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  To obtain habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### III. DISCUSSION

**A. Claim # 1. The sufficiency of the evidence claim.**

In his first claim, Petitioner argues that there was insufficient evidence to convict him of assault with intent to do great bodily harm because he lacked the requisite intent to commit the crime.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that

judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Petitioner first contends that there was insufficient evidence to support his conviction of assault with intent to do great bodily harm because he lacked the requisite intent to commit the crime.

Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: "(1) an attempt or threat with force or

violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm *less than murder.*" *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017)(quoting *People v. Brown*, 267 Mich. App. 141, 703 N.W.2d 230, 236 (2005))(emphasis original). Assault with intent to do great bodily harm is a specific intent crime which requires "an intent to do serious injury of an aggravated nature," but an actual injury need not occur. *Id.* (internal citations omitted).

The Michigan Court of Appeals reasonably concluded that there was sufficient evidence of Petitioner's specific intent to do great bodily harm to support his conviction, as follows:

> The evidence is sufficient to support defendant's conviction of assault with intent to do great bodily harm. First, when defendant drove his car directly toward Detective Stempien, he met the first element of the crime by attempting to do corporal harm to Detective Stempien. See *Stevens,* 306 Mich.App. at 628, 858 N.W.2d 98. Second, there is sufficient evidence in the record for a rational trier of fact to conclude that defendant intended to inflict a serious injury of an aggravated nature on Detective Stempien. Defendant's car could be considered a dangerous weapon because he rapidly accelerated it toward Detective Stempien. See *People v. DeLisle,* 202 Mich.App. 658, 672, 509 N.W.2d 885 (1993)(holding that the defendant's car could be considered a dangerous weapon because it was "used in a manner reasonably calculated and likely to produce serious physical injury or death") (citation and quotation marks omitted); *People v. Velasquez,* 189 Mich.App. 14, 17, 472 N.W.2d 289 (1991)(holding that the defendant's car constituted a dangerous weapon because it was "used in a manner to induce the victim's reasonable belief that the article is a dangerous weapon"). Defendant's use of a dangerous weapon reveals his intent to inflict serious harm on Detective

> Stempien. See *Stevens,* 306 Mich.App. at 629, 858 N.W.2d 98. Furthermore, had Detective Stempien not jumped out of the way, the natural consequences of defendant's act would have been death or serious injury. It is proper to presume that defendant intended these consequences. See *Dillard,* 303 Mich.App. at 378, 845 N.W.2d 518. Therefore, the testimony in the record constitutes circumstantial evidence sufficient to convict defendant of assault with intent to do great bodily harm because defendant used a dangerous weapon to perform an act that had a likely consequence of a serious injury of an aggravated nature. See *Williams,* 294 Mich.App. at 471, 811 N.W.2d 88.

*People v. Arnold*, 2015 WL 5570273, at *2.

Detective Jeremy Stempien testified that he was assigned to the Southeast Michigan Financial Crimes Task Force as a Special Federal Deputy Marshall for the United States Secret Service. The task force received complaints from various auto dealerships in the City of Novi, Michigan, that auto parts were obtained through fraud.

Stempien testified that the individuals used the name Three Brothers, drove a red, maroon, or burgundy Ford SUV, and passed stolen checks from accounts lacking funds to obtain auto parts. A sting operation was set up by the Special Units Task Force. A man identifying himself as an employee of Three Brothers appeared at a Novi auto dealership requesting that parts be delivered to 19305 Warren Avenue in Detroit Michigan. The dealership provided a marked dealership van to Novi Detective Jeff Brown, who posed as a parts delivery driver. Officer Stempien and Special Agent

Ryan Holmes followed Brown in an unmarked black Jeep Cherokee. Special Agents McLaughlin and Nowakowski were in an Explorer. Michigan State Police Trooper Seth Swanson also followed in full uniform and in a marked patrol car. Following delivery of the parts at a vacant building on Warren Avenue in Detroit, Officer Stempien signaled the other officers to move in. Petitioner's accomplice complied with police orders to get on the ground, while Petitioner attempted to flee by jumping into his Ford Expedition and driving at a high rate of speed in the direction of Officer Stempien. Stempien fired three (3) shots as Petitioner drove in his direction. Stempien jumped out of the way when the vehicle was approximately (four) 4 feet from him. (ECF 6-3, PageID.282-305). The Michigan Court of Appeals reasonably concluded that there was sufficient evidence of Petitioner's specific intent to do great bodily harm to support his convictions.

**B. Claim # 2. The great weight of the evidence claim.**

Petitioner argues that the verdict went against the great weight of the evidence.

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *See Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v.*

*Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *see also Nash v. Eberlin*, 258 F. App'x 761, 764, n. 4 (6th Cir. 2007)("a manifest-weight-of-the-evidence argument is a state-law argument"); *Artis v. Collins,* 14 F. Appx 387 (6th Cir. 2001)(declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence). A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised. *Cukaj,* 305 F. Supp. 2d at 796; see also *Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003). The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648. As long as there is sufficient evidence to convict petitioner of this crime, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. *Id.*

Petitioner alleges that the much of the trial testimony is unreliable due to the lack of credible evidence and the failure to present three (3) pieces of additional information. The Michigan Court of Appeals addressed this additional information as follows:

> First, he claims that his medical records were not presented, which he contends, without any support, would have

controverted Detective Stempien's testimony because they would have revealed a gunshot wound on the left side of defendant's body, although Detective Stempien's testimony could only explain a wound on the right side of his body. Second, he notes that Detective Stempien's pants from the day of the accident, which Detective Stempien testified had tire marks on them, were never introduced as evidence because Detective Stempien claimed to have washed them. Third, he states that the video evidence presented in the case did not capture the shooting and infers that this undermines the credibility of the prosecution's witnesses.

None of the "missing" evidence brought up by defendant was necessary for the trial court to be able to properly convict him. As previously discussed, the evidence presented at trial was sufficient. In the context of a great-weight challenge, the relevant evidence is the evidence that was presented at trial—not hypothetical, missing evidence that defendant suggests might have helped his case. See *Lemmon,* 456 Mich. at 643, 576 N.W.2d 129. Defendant's allegation of missing evidence does not reveal any inconsistency or implausibility in the prosecution's theory that would render the conviction against the great weight of the evidence. See *id.* Minor inconsistencies and questions as to plausibility arise regularly in trials, and, although the absence of certain pieces of evidence may have some bearing on the weight of the testimony presented, it is the role of the trier of fact to hear and evaluate the evidence presented in the context of the trial as a whole. See *id.* Nothing in the record suggests that the trial court's factual findings are erroneous or that it improperly relied on the testimony presented. Therefore, defendant's conviction of assault with intent to do great bodily harm was not against the great weight of the evidence. See *id.*

*People v. Arnold*, 2015 WL 5570273, at *3.

Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *See Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002). An assessment of

the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *See Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000). To the extent that Petitioner's sufficiency of evidence claim rests on an allegation of the witnesses' credibility, which is the province of the finder of fact, Petitioner is not entitled to habeas relief on his claims. See *Tyler v. Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005).

### C. The motion for an evidentiary hearing is denied.

Petitioner filed a motion for an evidentiary hearing on his sufficiency of the evidence and great weight of the evidence claims.

A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F.3d 442, 459-60 (6th Cir. 2001). In light of the fact that Petitioner's claims are meritless, he is not entitled to an evidentiary hearing.

### IV. Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been

resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED**.

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: January 13, 2020

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 13, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk